```
       IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DAVID LEE JEMISON, 115044,   :

    Plaintiff,                  :

vs.                          :   CIVIL ACTION 11-0286-KD-M

OFFICER SLATER,              :

    Defendant.                  :

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a
> civil action or appeal a judgment in
> a civil action or proceeding under
> this section [28 U.S.C. § 1915] if

---

[1] By separate order the Court is rescinding its prior order granting plaintiff's motion to proceed without prepayment of fees (Doc. 7) because 28 U.S.C. § 1915(g) is applicable to this action.

>       the prisoner has, on 3 or more prior
>       occasions, while incarcerated or
>       detained in any facility, brought an
>       action or appeal in a court of the
>       United States that was dismissed on
>       the grounds that it is frivolous,
>       malicious, or fails to state a claim
>       upon which relief may be granted,
>       unless the prisoner is under
>       imminent danger of serious physical
>       injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, plaintiff has at least four actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *See Jemison v. Nagle, et al.*, CA 96-cv-01706-WHA-SRW (M.D.Ala. Dec. 17, 1996); *Jemison v. Allen*, CA 95-cv-01656-SCP-TMP (N.D.Ala. August 31, 1995); *Jemison v. Sexton, et al.*, CA 97-cv-00088-ELN-TMP (N.D.Ala. June 6, 1997); *Jemison v. Fulgham, et al.*, CA 97-cv-00518-SCP-TMP (N.D.Ala. Aug. 29, 1997). Thus, plaintiff has three or more dismissals that qualify the present complaint for treatment under § 1915(g).

In order to avoid the dismissal of the present action pursuant to §1915(g), Plaintiff must satisfy the exception

to § 1915(g), which requires that at the time of the Complaint's filing, he must show that he was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *see Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule *to prevent impending harms, not those harms that had already occurred*."), *cert. denied*, 533 U.S. 953 (2001)(emphasis added). Thus, in order satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation and quotation marks omitted) (unpublished) (Granade, C.J.).

3

In reviewing the Complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.  The Court received Plaintiff's Complaint on June 2, 2011.  Plaintiff alleges that on May 20, 2011, he was assaulted, battered, attacked, and physically abused by Defendant (*Id*. at 4-5).  Plaintiff does not articulate how he was actually physically injured (i.e. where he was injured and what kind of injury).  For relief, Plaintiff seeks damages. (*Id*. at 7).

Considering all of Plaintiff's allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time of filing.  The alleged assault occurred once in the past, and Plaintiff does not plead specific facts to show a real and imminent danger of serious physical injury at the time of filing.  Accordingly, Plaintiff has failed to show that he is under "imminent danger of serious physical injury" when he filed the present action.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, plaintiff's

4

action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 1st day of September, 2011.

                                             s/Bert W. Milling, Jr.
                                             UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **Objection.**  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

6

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable Where Proceedings Tape Recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.